**CONNECTICUT COALITION AGAINST MILLSTONE, Petitioner,**

**v.**

**U.S. NUCLEAR REGULATORY COMMISSION, United States of America, Respondents,**

**Dominion Nuclear Connecticut, Inc., Intervener.**

**Docket No. 04–0109.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2004.

Nancy Burton, Redding Ridge, CT, for Petitioner.

Geraldine R. Fehst, Attorney (Karen D. Cyr, General Counsel; John F. Cordes, Jr., Solicitor; E. Leo Slaggie, Deputy Solicitor, on the brief), Office of the General Counsel, U.S. Nuclear Regulatory Commission, Washington, D.C., Thomas L. Sansonetti, Assistant Attorney General; Greer S. Goldman, Attorney; Elizabeth Ann Peterson, Attorney; Appellate Section, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, D.C., for Respondents.

David A. Repka (Lillian M. Cuoco, Dominion Resources Services, Inc., Waterford, CT), Winston & Strawn LLP, Washington, D.C., for Intervenor.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## AMENDED SUMMARY ORDER

Since late 2002, petitioner Connecticut Coalition Against Millstone (the "Coalition") has sought relief in various fora of the U.S. Nuclear Regulatory Commission ("NRC" or "Commission") with respect to the application of intervenor Dominion Nuclear Connecticut, Inc. ("Dominion") to amend its operating license for Unit 2 of the Millstone Nuclear Power Station ("Millstone"). The NRC gave the Coalition multiple opportunities to be heard, to submit argument supported by fact and expert opinion, and to satisfy the requirements, as stipulated by federal regulations, of a petitioner seeking to intervene by contention. *See* 10 C.F.R. § 2.309.

In December 2002, the Coalition filed a "Petition to Intervene and Request for Hearing" with respect to the application of Dominion to amend its operating license for Millstone. The amended operating license would allow Dominion to effect changes in safety mechanisms with respect to fuel-handling accidents. The Atomic Safety and Licensing Board Panel ("Licensing Board") of the NRC denied the Coalition's petition in August 2003. *See In re Dominion Nuclear Conn., Inc.*, 58 N.R.C. 75, 2003 WL 22006250 (2003). In doing so, the Licensing Board found:

> [The Coalition] has not presented any specific issue, supported by a basis stated with reasonable specificity, to show that a genuine dispute exists with regard to whether the application at issue meets the [pertinent federal regulatory]

requirements.... Nor, we find, has the Petitioner, under the [applicable] contention requirements ..., specifically or directly challenged or controverted any particular part of the application with regard to any legal or factual issue that would make a difference in the outcome of this proceeding, such that it could be entitled to any relief in the proceeding.

*Id.* at 92. The Coalition appealed that ruling of the Licensing Board to the Commission. In October 2003, the Commission affirmed the ruling of the Licensing Board. *See In re Dominion Nuclear Conn., Inc.,* 58 N.R.C. 207, 2003 WL 22474594 (2003). The Commission explained that the Coalition still had not comported with then-applicable contention requirements.

[The Coalition's] appeal—as was its case before the [Licensing] Board—rests entirely on general and speculative statements about an alleged significant increase in the amounts of radiological effluents that may be released offsite that will cause an adverse impact on public health and safety. But as the [Licensing] Board found, [the Coalition] never provided the necessary alleged facts or expert opinion to support its claims.

58 N.R.C. at 213 (footnote and internal quotation marks omitted). Not only did the Coalition provide no facts or expert opinion in response to the analyses submitted by Dominion, but "[the Coalition] has not demonstrated any specific knowledge or understanding of the accident analyses provided in the [Dominion] application. Nor does [the Coalition's] contention address the regulatory criteria for use of an alternate source term ... or the standards for technical specifications...." *Id.* at 215. The Commission added: "[t]hroughout this proceeding, [the Coalition] has shown little knowledge of the technical issues pertaining to the proposed license

amendment." *Id.* at 219. It concluded that:

it is evident that when [the Coalition] first sought the hearing, it did not understand the nature of the amendment. Individuals or organizations invoking the NRC hearing proceeding should themselves demonstrate at least minimal knowledge of the particular actions that they wish to litigate.

*Id.* at 220.

Undeterred, and still without submitting fact or expert opinion evidence to contravene Dominion's analysis showing that any increased risk of offsite radiological exposure was well below federal regulatory allowances, *see* 58 N.R.C. at 217, the Coalition petitioned for reconsideration. In December 2003, the Commission denied that petition. *See In re Dominion Nuclear Conn., Inc.,* 58 N.R.C. 433, 434–35 (2003) (denying the Coalition's petition, explaining that it merely "repeats arguments already considered and rejected" by both the Licensing Board and the Commission).

The Coalition now petitions this Court to review the Commission's December 2003 final order. Our standard of review for a decision of the Commission is "narrow" and "highly deferential," and we are authorized to overturn a decision of the Commission only if it violates the arbitrary and capricious standard of Section 10(e) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (2004). *See County of Rockland v. U.S. NRC,* 709 F.2d 766, 766 (2d Cir.1983) (quotation marks and citations omitted).

The Coalition's argument to this Court is a recital of the same argument repeatedly put before the Commission—namely, that despite submitting no evidence in opposition to the Dominion application, the Coalition should be allowed to intervene because the Licensing Board previously found that it had standing. *See In re*

*Dominion Nuclear Conn., Inc.,* 57 N.R.C. 45, 62, 2003 WL 449143 (2003) (finding that the Coalition had met the "threshold standing requirements," which may be satisfied by showing "even minor radiological exposures resulting from a proposed licensee activity" (internal quotation marks omitted)). What the Coalition has failed to acknowledge, and failed to remedy in subsequent arguments before the Commission and this Court, is that satisfaction of standing requirements, alone, falls short of meriting intervention. *See In re Fla. Power & Light Co.,* 54 N.R.C. 3, 26, 2001 WL 871673 (2001) (ruling that satisfying the standing requirement does not constitute proffering a valid "contention").

We have reviewed each of the arguments of petitioner as well as the history of this litigation before the Licensing Board and the Commission. We determine that the Commission did not act arbitrarily or capriciously in denying the Coalition's request to reconsider the Commission's original denial of the petition to intervene. The petition is therefore **DENIED.**

We are aware that the Connecticut Supreme Court has recently effected a change in the status of counsel for the Coalition in that jurisdiction, *see Burton v. Mottolese,* 267 Conn. 1, 835 A.2d 998 (Conn.2003), and that a reciprocal order has been issued by this Court, *see In re Nancy Burton,* No. 04–8301 (2d Cir. Sept. 28, 2004) (order). To ensure that this development has not and will not prejudice the Coalition from pursuing legitimate concerns about the safety of the operations at Millstone, we order counsel for the Coalition to apprise her clients of her changed status as well as the means available to bring late-filed contentions. *See* 10 C.F.R. § 2.714(a). We take the NRC at its word, as presented in its brief to this Court, that:

[t]he Commission, of course, is not so concerned with regulatory pleading compliance that it turns a deaf ear to safety concerns. Commission policy and procedures are demonstrably to the contrary.... [The Coalition's] failure to state a contention suitable for Licensing Board litigation does not deprive [the Coalition] itself of future access to the Commission on safety grievances. The Commission maintains a process under 10 C.F.R. § 2.206 to consider and respond to safety concerns. [The Coalition] also remains free to petition the Commission for rulemaking if [the Coalition] believes the agency's accident dose criteria in 10 C.F.R. § 50.67 are inadequate. *See* 10 C.F.R. § 802.